# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RONALD W. NICHOLS, JR., and BRENDA LEE NICHOLS, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | 2:23-cv-01592-LSC |
| UNITED STATES STEEL CORPORATION, et al., ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

Plaintiffs Ronald Nichols, Jr., ("Nichols") and Brenda Nichols filed this tort action in the Circuit Court of Jefferson County, Alabama, alleging personal injuries and loss of consortium related to a workplace accident. (Doc. 1-1.) Defendants United States Steel Corporation and U.S. Steel Tubular Products, LLC, (collectively, "US Steel") removed to this Court on the basis of diversity, arguing that Defendant Adam Cliett was fraudulently joined. (Doc. 1.) Before this Court is Plaintiffs' motion to remand. (Doc. 6.) The motion is fully briefed and ripe for review. Because Plaintiffs have a reasonable possibility of stating a claim against Cliett under Alabama law, the motion to remand is due to be **GRANTED**.

I. **BACKGROUND**

In 2021, Nichols worked for a construction company that contracted with US Steel to provide labor for a project at a US Steel facility in Alabama. (Doc. 18 ¶¶ 13–14.) As a foreman, Nichols supervised other employees and was responsible for their safety. (*Id.* ¶ 15.) Their task was to help US Steel employees move and install gear boxes and heat shields. (*Id.*)

One day, while working at the facility, Nichols heard a co-worker scream for help. (*Id.* ¶ 16.) When he turned to look, he saw a gear box on top of the co-worker. (*Id.*) Believing the co-worker to be in danger, Nichols lifted the gear box to allow the person to escape. (*Id.*) He claims that, as a result of his efforts, he suffered permanent debilitating injuries. (*Id.* ¶¶ 16–17.) His wife, Brenda Nichols, also claims to have lost the society, comfort, services, and companionship of her husband. (*Id.* ¶¶ 35, 37.)

As relevant to this motion, Nichols claims that Cliett, a US Steel employee, is liable for his injuries. According to Nichols, Cliett was the superintendent for the gear-installation project. (*Id.* ¶ 21.) He allegedly was responsible for overseeing the project and for ensuring that the work was conducted safely. (*Id.*) Nichols claims that Cliett negligently or wantonly allowed the gear box to be transported improperly, which resulted in its falling on his co-worker, ultimately causing Plaintiffs' injuries. (*Id.* ¶ 24.)

**II.   STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). "[R]emoval statutes are construed narrowly," and any "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citation omitted). The removing party bears the burden of establishing the propriety of removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (citation omitted).

When a defendant removes on the basis of fraudulent joinder, his burden to prove jurisdiction "is a heavy one." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). The defendant must prove by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). "This standard differs from the [plausibility] standard applicable to a 12(b)(6) motion to dismiss," which requires "more than a sheer possibility that a defendant

has acted unlawfully." *Id.* at 1333 (quoting *Iqbal*, 556 U.S. 662, 678). "In contrast, all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Id.* (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)); *but see Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (clarifying that the potential for legal liability "must be reasonable," i.e., "more than such a possibility that a designated residence can be hit by a meteor tonight" (citations omitted)). In determining whether there is a possibility that the plaintiff can establish a cause of action, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell*, 663 F.3d at 1333 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

### III. DISCUSSION

US Steel asserts that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(b), which requires complete diversity of citizenship of the parties and an amount in controversy greater than $75,000. This Court is satisfied, and the parties do not dispute, that the amount in controversy exceeds $75.000. (*See* doc. 18 ¶¶ 16–18, 33.) And other than Cliett, who US Steel claims was fraudulently

joined, the parties are completely diverse.[1] (*See* docs. 18 ¶¶ 1–5; 20-1 ¶¶ 5–8.) The doctrine of fraudulent joinder allows federal courts to ignore the citizenship of a non-diverse defendant when there is no reasonable possibility that the plaintiff can prove a cause of action against that defendant. *See Triggs*, 154 F.3d at 1287. Thus, the only issue before this Court is whether Plaintiffs have a reasonable possibility of stating a viable claim against Cliett under Alabama law. *See Legg*, 428 F.3d at 1325 n.5.

"To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Stillwell*, 663 F.3d at 1334. Alabama courts employ the notice pleading standard, which requires only allegations sufficient "to provide defendants adequate notice of the claims against them." *Ex parte Int'l Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007). Under this standard, dismissal of a claim "is proper only when it appears beyond doubt that the plaintiff can prove *no set of facts* in support of the claim which would entitle the plaintiff to relief." *DRC, Inc. v. Great Am. Ins. Companies*, 901 So. 2d 710, 713 (Ala. 2004) (emphasis in original) (quoting *Gilliland v. USCO Power Equip. Corp.*, 631 So.2d 938, 939 (Ala. 1994)). Accordingly, to survive Plaintiffs'

---

[1] This Court ignores the citizenship of Fictitious Defendants A through Z. 28 U.S.C. § 1441(b)(1).

motion to remand, US Steel must prove by clear and convincing evidence that Plaintiffs "can prove no set of facts" that would support a claim against Cliett. *See id.*; *Stillwell*, 663 F.3d at 1332.

On its face, Plaintiffs' complaint states an actionable negligence claim against Cliett. To state a negligence claim under Alabama law, a plaintiff must allege that the defendant breached a duty owed to the plaintiff, thereby proximately causing injury or damage. *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1346 (11th Cir. 2007) (citing *Zanaty Realty, Inc. v. Williams*, 935 So.2d 1163, 1167 (Ala. 2005)). Here, Plaintiffs claim that Cliett, as a supervisor, owed a duty to ensure that work at the US Steel facility was conducted safely. They claim he breached that duty by negligently allowing a gear box to be improperly transported, resulting in the gear box falling on an employee, which in turn caused Nichols to sustain injuries when he lifted the gear box to save the employee. These allegations provide the requisite "reasonable basis for predicting that [Alabama] law *might* impose liability on the facts involved." *See Crowe*, 113 F.3d at 1542 (emphasis in original).

US Steel asserts that, contrary to the allegations in the complaint, Cliett was a maintenance technician, not a superintendent, and his duties did not include managing employees or directing work performance. It submits an unsworn affidavit of Cliett declaring these facts to be true. (Doc. 1-2.) In response, Nichols submits his

own affidavit, wherein he claims to have personally witnessed Cliett controlling the work process and directing US Steel employees. (Doc. 6-1.) He also states that he regularly discussed daily work schedules, staffing requirements, safety concerns, and applicable US Steel safety protocols with Cliett. (*Id.*) Although this Court may consider these competing affidavits in determining whether Plaintiffs have possibly stated a viable claim against Cliett, in doing so it must resolve all disputes in Plaintiffs' favor. *Legg*, 428 F.3d at 1322–23; *see id.* at 1323 ("The district court erred in *Crowe* because it resolved the case in the defendants' favor when there were sworn statements submitted by *both* the defendants and the plaintiffs." (emphasis in original)).

In asking this Court to accept its version of the facts over Plaintiffs', US Steel invites this Court to "embark[] upon a safari in search of a judgment on the merits." *Crowe*, 113 F.3d at 1538. The Court must decline this invitation. *Id.* "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* "The fact that the plaintiffs may not ultimately prevail against [Cliett] … does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis." *Pacheco*, 139 F.3d at 1380. Plaintiffs having at least arguably stated a viable claim against non-diverse Defendant Cliett, complete

diversity of citizenship is lacking, and this action must be remanded to state court for want of subject matter jurisdiction. *See Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (remanding where state law was "unclear as to whether [the defendants] could, as a matter of law, be held liable for personal injury damages suffered by Plaintiffs").

### IV.   CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand (doc. 6) is due to be **GRANTED**. The Court will enter an order consistent with this Memorandum of Opinion.

DONE AND ORDERED ON MARCH 25, 2024.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
215647